■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL LOVE, Also Known as EUGENE RUSSELL, Appellant.— Judgment, Supreme Court, Bronx County, rendered on May 26, 1971, unanimously affirmed. Concur — McGivern, J. P., Nunez, Kupferman and Steuer, JJ.; Capozzoli, J., concurs in the following memorandum: I concur in result on constraint of *People* v. *Gordian* (39 A D 2d 861). In *People* v. *Carter* (39 A D 2d 537) handed down before the *Gordian* decision (*supra*) the majority of the court reversed a judgment of conviction and remanded the defendant for resentencing, in accordance with sections 207 and 208 of the Mental Hygiene Law, and section 60.15 of the Penal Law, saying as follows: " Once the court below was apprised of defendant's use of narcotics, it should then not have imposed sentence. The defendant should then have been given a medical examination. It was only after receipt of the report of such examination that sentence could be imposed. This is the mandatory procedure outlined in the above-cited sections." Justices Kupferman and Steuer dissented in a memorandum by Kupferman, J. Thereafter, in *People* v. *Gordian* (39 A D 2d 861) the majority of this court reached a contrary conclusion and affirmed a judgment of conviction, holding as follows: " It would appear that the only instances where a report would be of any assistance to the court is where the court is in doubt as to whether the defendant is an addict and would commit him to the Commissioner if he were, and where the court has in mind suspending sentence. Absent both of these considerations, it is beyond cavil that the defendant is not prejudiced by the failure to order an examination.

Even assuming that the provisions of section 207 have all the force attributed to them, the examination then becomes a useless gesture the only consequence of which is to further the delay between conviction and incarceration in a State institution." In that case Justice Murphy dissented, citing *People* v. *Carter* (39 A D 2d 537). It is readily apparent that this court is split on the question of law presented. However, since the *Gordian* case is the later pronouncement of this court, it would serve no useful purpose to dissent and, in the hope of achieving uniformity, I am constrained to concur in the result reached.